UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

In re:                                )
                                      )
ELIYAH SHIN,                          )   Case No. 17-13509-BFK
                                      )   Chapter 7
            Debtor.                   )

**MEMORANDUM OPINION AND
ORDER DENYING DEBTOR'S
MOTION TO REOPEN**

This matter comes before the Court on the Debtor's Motion to Reopen his bankruptcy case pursuant to 11 U.S.C. § 350(b). Docket No. 21. The United States filed an Opposition to the Motion, asserting that the Debtor's Motion is futile. Docket No. 39. The Debtor filed a Reply Memorandum. Docket No. 42. The Court heard the parties' arguments on January 26, 2021. For the reasons stated below, the Court will deny the Debtor's Motion to Reopen.

**Undisputed Facts**

The Court finds that the following facts are undisputed.

*A.  The Debtor's First-Time Homebuyer Credit.*

1. The Debtor, Eliyah Shin, purchased a home with his mother and his sister in 2008. In his income tax return for that year, he claimed a first-time homebuyer credit in the amount of $7,500.00. Docket No. 39.

2. The Debtor paid the recapture tax (discussed below) in the amount of $500.00 per year in his tax returns for the years 2010 through 2014. *Id*. at 2.

3. He and the co-owners sold the property in 2016. *Id*. This gave rise to an acceleration of the recapture tax, in the amount of $5,000.00. *Id*.

1

4. The Debtor did not file tax returns for 2015 or 2016 because he had no income and was not required to file returns for those years. *Id*.

B. *The Debtor's Bankruptcy Case.*

5. The Debtor filed a Voluntary Petition under Chapter 7 with this Court on October 17, 2017. Docket No. 1.

6. He did not list the IRS as a creditor in his Schedules. Docket No. 15.

7. The Chapter 7 Trustee filed a Report of No Distribution. Docket No. 17.

8. The Debtor received a discharge and the case was closed on January 29, 2018. Docket Nos. 18, 20.

C. *The Debtor's Motion to Reopen.*

9. On December 18, 2020, the Debtor filed a Motion to Reopen his case. Docket No. 21.

10. In support of his Motion to Reopen, the Debtor filed a draft Complaint to Determine the Dischargeability of Debt, asserting that the recapture tax is not really a tax at all, and therefore, was discharged in his bankruptcy case. Docket No. 38, at 2-3.

11. The IRS filed an Opposition to the Debtor's Motion, arguing that the Motion is futile because the recapture tax is in fact a tax and that the liability was not discharged in the Debtor's bankruptcy case. Docket No. 39, at 2.

12. The Debtor filed a Reply Memorandum in support of his Motion. Docket No. 42.

## Conclusions of Law

This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and the Order of Reference entered by the U.S. District Court for this District on August 15, 1984. This is a core

proceeding under 28 U.S.C. § 157(b)(2)(A) ("matters concerning the administration of the estate") and (I) ("determinations as to the dischargeability of particular debts").

### I.    Motions to Reopen (11 U.S.C. § 350(b).

Bankruptcy Code Section 350(b) provides that a closed case may be reopened "to administer assets, to accord relief to the debtor, or for other cause." 11 U.S.C. § 350(b). A decision whether or not to reopen a bankruptcy case is committed to the Court's discretion. *Hawkins v. Landmark Fin. Co.*, 727 F.2d 324, 326 (4th Cir. 1984). The Court generally should avoid ruling on the underlying merits of a dispute in connection with a motion to reopen. *In re Conner*, No. 12-72146, 2014 WL 879639, at *1 (Bankr. W.D. Va. Mar. 5, 2014); *In re Jones*, 367 B.R. 564, 567 (Bankr. E.D. Va. 2007).

The reopening of a case does not afford the parties any substantive relief; rather, reopening provides an opportunity for further relief. *Horizon Aviation of Va., Inc. v. Alexander (In re Alexander)*, 296 B.R. 380, 382 (E.D. Va. 2003); *In re Clary*, 440 B.R. 122, 123 (Bankr. E.D. Va. 2010) *quoting Reid v. Richardson*, 304 F.2d 351, 355 (4th Cir. 1962). On the other hand, the Court should not reopen a case where no relief can be accorded to the parties and reopening would be a futile act. *In re Conner*, 2014 WL 879639, at *1; *In re Cutright*, No. 08-70160-SCS, 2012 WL 1945703, at *4 (Bankr. E.D. Va. May 30, 2012); *In re Potes*, 336 B.R. 731, 732 (Bankr. E.D. Va. 2005).

The decision to reopen this case turns on futility, and whether or not the recapture tax is a tax. If, as the IRS argues, the recapture tax is a tax, then there is no dispute that the tax is non-dischargeable under Bankruptcy Code Sections 507(a)(8) and 523(a)(1) and there would be no reason to reopen the case. If, on the other hand, the Debtor is correct and the amount owed is not a tax, then the liability would be dischargeable, and the case should be reopened to afford the

3

Debtor that relief. The Court will address the issue of whether or not the amount owed is a tax, below.

## II. The Recapture Tax (26 U.S.C. § 36).

The Housing and Economic Recovery Act of 2008 (HERA) provided a tax credit to first time homebuyers in the amount of $7,500.00. Housing and Economic Recovery Act of 2008 (HERA), Pub. L. No. 110–289, § 3011, 122 Stat. 2654, 2888 (2008). The credit is then recaptured over the fifteen years following the purchase of the property. 26 U.S.C. § 36(f)(1) and (7). The IRS has explained the credit as follows:

> **General repayment rules for 2008 purchases.** If you were allowed the first-time homebuyer credit for a qualifying home purchase made between April 9, 2008, and December 31, 2008, you generally must repay the credit over 15 years. To repay the credit, you must increase your federal income taxes by 6 $^{2}/_{3}$ % (or 1/15) of the amount of the credit for each taxable year in the 15-year repayment period. The repayment period begins with the second taxable year following the year of qualifying home purchase. There are exceptions that may require you to accelerate the payment (discussed later).
>
> \*       \*       \*
>
> **Acceleration of repayment.** In general, in the case of a home purchased in 2008 for which you received the first-time homebuyer credit, if you dispose of it, or you (and your spouse if married) stop using it as a principal residence in any taxable year during a 15-year repayment period, the credit repayment is accelerated.

*Topic No. 611, Repayment of the First-Time Homebuyer Credit*, IRS, http://irs.gov/taxtopics/tc611.

In another publication, the IRS stated: "For homes purchased in 2008, the credit, with some exceptions, must be repaid and takes the form of a $7,500.00 interest-free loan." *First Time Homebuyer Credit Questions and Answers: Basic Information*, IRS, https://irs.gov/newsroom/first-time-homebuyer-credit-questions-and-answers-basic-information.

4

The Supreme Court has held that, in deciding whether an exaction is a tax, the court should place no weight on the "tax" label. Rather, the court should look to the "actual effects" of the exaction. *United States v. Reorganized CF&I Fabricators of Utah, Inc.,* 518 U.S. 213, 221 (1996). A tax is "a pecuniary burden laid upon individuals or property for the purpose of supporting the government." *Id*. at 224, *quoting New Jersey v. Anderson*, 203 U.S. 483, 492 (1906).

Two Bankruptcy Courts have addressed the issue of whether the recapture tax for the first-time homebuyer credit is a tax, coming to opposite results. The first case, *In re Bryan*, A.P. No. 13-1151, 2014 WL 789089 (Bankr. N.D. Cal. Feb. 27, 2014), held that the recapture tax is a tax. While this Court agrees with the result in *Bryan*, it disagrees with the *Bryan* court's reasoning. In this Court's view, the *Bryan* court relied too heavily on the tax's characterization in the Tax Code, and did not apply the functional test required by the Supreme Court in *CF&I Fabricators*. *Id*. at *1 ("The crucial fact is that Congress imposed the obligation to repay the credit as a tax.")

The second case, *In re Betancourt*, 582 B.R. 480 (Bankr. W.D. Mo. 2018), came to the opposite conclusion and held that the recapture tax is not a tax. This Court respectfully disagrees with both the reasoning and the result in *Betancourt*. First, the Bankruptcy Court in *Betancourt* relied on the IRS's statement that "the credit operates much like an interest-free loan, because it must be repaid over a 15-year period." *Id*. at 483 *quoting* IR–2008–106 (I.R.S.), 2008 WL 4203757 (Sept. 16, 2008). This, however, places too much reliance on how the IRS describes the credit, and not enough emphasis on the functional test of whether the exaction raises revenue for the government (and, in any event, saying that something "operates much like" an interest-free loan is merely descriptive and does not mean that it isn't a tax).

5

Second, the Bankruptcy Court in *Betancourt* held that the "crucial issue" was not whether the obligation is a tax or a loan, "but whether it constitutes a debt within the meaning of the Bankruptcy Code." *Id*. Reframing the question in this manner, though, does not answer the question of whether the recapture tax is in fact a tax. Tax obligations, as well as interest-free loans, give rise to "claims" under Bankruptcy Code Section 101(5)(A) all the time. Further, the *Betancourt* decision's focus on *when* the obligation arose for purposes of Bankruptcy Code Section 1305 (which applies only in Chapter 13 and is not applicable in this case) is not helpful to resolving the more fundamental issue of whether or not the obligation is a tax.

Employing the functional approach, this Court finds that the recapture obligation is a tax. The liability arose from a credit against the Debtor's 2008 tax obligation. But for the first-time homebuyer credit, the Debtor would have had an additional tax obligation in the amount of $7,500.00 in that year. The government did not actually loan the Debtor $7,500.00 to purchase the home and then request repayment of that amount over a 15-year period. Rather, the credit arose from the Debtor's income tax obligation in 2008. In this sense, the Debtor's argument that the recapture tax is revenue neutral is incorrect. Debtor's Response, Docket No. 42, at 3 ("at most the United States breaks even by collecting exactly the amount of credit given in 2008"). The recapture raises the same revenue for the government that it would have been entitled to receive as a result of the Debtor's 2008 tax return.

The Court finds that the recapture tax is a tax. The Court, therefore, will deny the Debtor's Motion to Reopen as futile.

## Conclusion

It is therefore **ORDERED**:

A. The Debtor's Motion to Reopen (Docket No. 21) is denied.

  B. The Clerk will mail copies of this Memorandum Opinion and Order, or will provide cm-ecf notice of its entry, to the parties below.

| | |
|---|---|
| Date: Feb 16 2021 | /s/ Brian F Kenney |
| | Brian F. Kenney |
| Alexandria, Virginia | United States Bankruptcy Judge |

Entered On Docket: February 16, 2021

Copies to:

Eliyah Shin
2252 Astoria Circle, Apt 103
Herndon, VA 20170
*Debtor*

Kaitlin Millie Walker, Esquire
9240 Center Street
Manassas, VA 20110
*Counsel for Debtor*

Robert K. Coulter, Esquire
2100 Jamieson Avenue
Alexandria, Virginia 22314
*Counsel for the United States of America*